1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STANLEY W. MUNDY,                        No.  2:25-cv-1182 AC P

12                  Petitioner,

13         v.                                 ORDER AND ORDER TO SHOW CAUSE

14   TEAUNA MIRANDA,

15                  Respondent.

16

17         Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, paid the filing fee, and filed a motion for a stay and

19   abeyance.  ECF Nos. 6, 7.  For the reasons discussed below, petitioner will be ordered to show

20   cause why this case should not be dismissed pursuant to Younger v. Harris, 401 U.S. 37 (1971).

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

                                            1

1    I.    Background[1]

2        A. State Trial Proceedings

3        On December 18, 2020, petitioner was convicted by a jury in Sacramento County Superior

4    Court of four counts of lewd or lascivious act on a child (Cal. Pen. Code § 288(a)), two counts of

5    lewd or lascivious acts on a child (Cal. Pen. Code § 288(b)(1)), three counts of rape (Cal. Pen.

6    Code § 261(a)(2)), two counts of sodomy (Cal. Pen. Code § 286(c)(2)), two counts of oral

7    copulation (Cal. Pen. Code. § 288a(c)(2), and one count of attempted oral copulation (Cal. Pen.

8    Code § 664, former 288a(c)(2)).  See People v. Mundy, No. C093498, 2024 WL 3262088, at *1,

9    2024 Cal. App. Unpub. LEXIS 4153, at *1-2 (Cal. Ct. App. June 2, 2024)[2]; People v. Mundy, No.

10    17FE010289 (Sacramento Superior Court).  Petitioner was sentenced to a prison term of ninety-

11    nine years.  Id.

12        B. State Direct Appeals

13        On direct appeal, petitioner argued that his convictions must be reversed based on

14    (1) double jeopardy relating to a prior juvenile dependency proceeding, California Penal Code

15    § 654, and collateral estoppel, (2) prejudicial four year pre-charging delay, (3) exclusion of

16    relevant statement by R's then-boyfriend and testimony of experts in the field of document

17    examination, and (4) the trial court's erroneous denial of petitioner's motion for a mistrial based

18    on months-long suspension of proceedings due to COVID-19 pandemic.  See People v. Mundy,

19    2024 WL 3262088, at *1, 2024 Cal. App. Unpub. LEXIS 4153, at *1-2.  The appeal also asked

20    the court to "review the record of the trial court's in camera review in response to his Pitchess

21    motion," asserted "that the sentences imposed on counts three and four [were] unauthorized," and

22

23    [1]  The court takes judicial notice of petitioner's state court criminal and post-conviction
    proceedings. Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of
24    accurate determination by sources whose accuracy cannot reasonably be questioned);  United
    States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.
25    1992) (The court "may take notice of proceedings in other courts, both within and without the
    federal judicial system, if those proceedings have a direct relation to matters at issue." (citations
    omitted)).
26    [2]  Although unpublished California Court of Appeal cases generally cannot be cited, an unpublish
    decision may be cited "[w]hen the opinion is relevant to a criminal or disciplinary action because
27    it states reasons for a decision affecting the same defendant or respondent in another such action."
    See Cal. Rules of Court, Rule 8.1115(a), (b)(2).

28

argued "that the imposition of the upper term sentences did not comply with statutory requirements." Id.  The appellate court vacated defendant's sentence and remanded for a full resentencing but otherwise affirmed.  Id.  The California Supreme Court denied petition for review on September 11, 2024.  People v. Mundy, No. S286226.  The appellate court issued remittitur the following day.  The People v. Mundy, No. C093498.  On June 3, 2025, after further proceedings, remittitur was affirmed, judgement was entered, and petitioner was resentenced.  See People v. Mundy, No. 17FE010289.  On June 18, 2025, petitioner filed a notice of appeal before the California Appellate Court for the Third Appellate District.  See The People v. Mundy, No. C104025.  The last registered action on appeal was the filing of the record on appeal and notice of the filing on August 20, 2025.  Id.

C.  State Habeas Proceedings[3]

Petitioner filed two petitions for writ of habeas corpus before the Sacramento Superior Court.  See Case No. 21HC00027 (Sacramento Superior Court) (filed January 19, 2021); Case No. 21HC00266 (Sacramento Superior Court) (filed May 25, 2021).  Petitioner filed three petitions for writ of habeas corpus before the California Appellate Court for the Third Appellate District.  See In re Stanley Mundy on Habeas Corpus, No. C093499 (California Third Appellate District) (filed February 5, 2021); In re Stanley Mundy on Habeas Corpus, No. C095314 (California Third Appellate District) (filed December 6, 2021); In re Stanley Mundy on Habeas Corpus, No. C100285 (California Third Appellate District) (filed January 19, 2024).  The first was denied without prejudice to first litigating the issues in Sacramento County Superior Court.  In re Stanley Mundy on Habeas Corpus, No. C093499.  The second and third were denied without prejudice to refiling in the superior court after the conclusion of his appeal.  In re Stanley Mundy on Habeas Corpus, No. C095314 (denied January 7, 2022); In re Stanley Mundy on Habeas Corpus, No. C100285 (denied March 8, 2024).

On April 11, 2024, petitioner filed a state habeas petition and an application for a stay

---

[3]  Because the court is not privy to the entire record from petitioner's state court proceedings, the court assumes for purposes of this order that state habeas proceedings commenced *after* December 2020 are related to the judgment of conviction in People v. Mundy, No. 17FE010289.

before the California Supreme Court.  See Mundy (Stanley Wayne) on H.C., No. S284533.  On

September 25, 2024, the California Supreme Court denied the petition and application, citing to

People v. Duvall, 9 Cal.4th 464, 474, noting a petition for writ of habeas corpus must include

copies of reasonably available documentary evidence, and In re Swain, 34 Cal.2d 300, 304,

noting a petition for writ of habeas corpus must allege sufficient facts with particularity.  Id.  The

court is not aware of the grounds raised in any of the state court petitions.

     II.     Federal Habeas Petition and Motion for Stay and Abeyance

     Petitioner commenced this action in this court by filing a request for a thirty-day extension

of time to appeal the decisions of the California Court of Appeals and California Supreme Court

decisions denying petitioner's writ.  ECF No. 1.  Because it appeared petitioner was challenging a

state court criminal judgment, this court opened a habeas corpus action under 28 U.S.C. §2254.

Petitioner then filed a second motion for an extension of time, for a stay, and for appointment of

counsel.  ECF No. 4.  The court denied all motions and ordered petitioner to file a habeas corpus

petition and in forma pauperis application within thirty days.  ECF No. 5.

     Petitioner paid the filing fee and filed a habeas petition.  See ECF No. 6.  The petition

challenges the judgement of conviction in People v. Mundy, No. 17FE010289, and states the

direct appeal of that judgment resulted in a remand for resentencing, that petitioner has exhausted

only four of the eighteen grounds raised in his federal petition, and that he now plans to exhaust

the other grounds in state court.  See ECF No. 6.

     Petitioner concurrently filed a motion for stay and abeyance that seeks to stay these

proceedings while petitioner exhausts the unexhausted grounds—grounds five through eighteen.

ECF No. 7 at 1-3, 5, 7.  Petitioner asserts he seeks to stop the clock on the one-year statute of

limitations period and that he believes filing a federal habeas petition and seeking a stay and

abeyance is the proper procedure for doing so.  Id. at 10.

     III.     Abstention Doctrine

     Under Younger v. Harris, federal courts may not interfere with a pending state criminal

prosecution or related proceeding absent "extraordinary circumstances, where the danger of

irreparable loss is both great and immediate."  401 U.S. at 45.  "Younger abstention is a

jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008) (citations and footnote omitted).

Abstention is appropriate if four requirements are met: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alteration in original) (quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)). All four elements must be satisfied to warrant abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007).

If all four requirements are met, petitioner must show "bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); see also Page v. King, 932 F.3d 898, 902 (9th Cir. 2019) ("Federal courts will not abstain under Younger in 'extraordinary circumstances where irreparable injury can be shown.'" (quoting Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012). "Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action." Beltran, 871 F.2d at 782; see also Gibson v. Berryhill, 411 U.S. 564, 577 (1973) ("Unlike those situations where a federal court merely abstains from decision on federal questions until the resolution of underlying or related state law issues . . . Younger v. Harris contemplates the outright dismissal of the federal suit." (footnote omitted)).

IV.    Discussion

At the time petitioner commenced this federal action, the Sacramento Superior Court was engaged in remittitur proceedings in People v. Mundy, No. 17FE010289. At the time petitioner filed the habeas petition in this action and the motion for stay and abeyance, petitioner had a pending appeal in People v. Mundy, No. 17FE010289. See The People v. Mundy, No. C104025.

His appeal is still pending.  Id.  Accordingly, the first Younger abstention requirement is satisfied.  See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) (dismissal required under Younger if state court proceedings were ongoing at time action was filed even if they conclude before the court addresses the issue); Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987) ("[T]he critical question is not whether the state proceedings are still 'ongoing', but whether 'the state proceedings were underway before initiation of the federal proceedings.'" (quoting Fresh Int'l Corp. v. Agric. Lab. Rels. Bd., 805 F.2d 1353, 1358 (9th Cir. 1986)).

The second requirement is also met because criminal proceedings indisputably implicate important state interests for Younger purposes.  "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45).

The third requirement is similarly met where California's appellate and post-conviction review process provides an opportunity for consideration of federal constitutional questions.  It does not matter to the Younger analysis whether the specific federal claims petitioner wishes to present in this court are part of the pending state proceeding.  See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." (citations omitted)).  In other words, where vital state interests are involved, a federal court should abstain "unless state law clearly bars the interposition of the constitutional claims."  Moore v. Sims, 442 U.S. 415, 426 (1979).  California law does not bar the presentation of petitioner's constitutional claims.  Indeed, petitioner has already raised several of them in the California courts, and as he has stated intends to pursue the additional claims.  Though petitioner's past efforts for the most part have been unsuccessful, "his lack of success does not render the forum inadequate."  Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).

The fourth requirement is also satisfied because consideration of petitioner's challenge to the validity of his conviction would have the practical effect of enjoining the state court

6

proceedings.  It is widely recognized that federal habeas proceedings regarding the validity of a conviction or sentence have the practical effect of enjoining or interfering with any ongoing state judicial proceedings in the underlying criminal case.  Hernandez v. Arias, No. 1:25-cv-0812 KES SKO (HC), 2025 WL 2840243, at *2, 2025 U.S. Dist. LEXIS 198590, at *4-5 (E.D. Cal. Oct. 7, 2025) ("[C]ourts in the Ninth Circuit have abstained under Younger when a habeas petitioner's state resentencing appeal is pending."); Phillips v. Neuschmid, No. 2:19-cv-3225 RGK AFM, 2019 WL 6312573, at *2, 2019 U.S. Dist. LEXIS 204615, at *5 (C.D. Cal. Oct. 18, 2019) ("[C]ourts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing.") (collecting cases); adopted, 2019 WL 6310269, 2019 U.S. Dist. LEXIS 204569 (C.D. Cal. Nov. 22, 2019) (dismissing habeas petition on the ground of Younger abstention); see also Beltran, 871 F.2d at 782 (Younger requires dismissal even if state court proceedings have concluded prior to the district court addressing the issue and abstention order may simply result in refiling of the federal complaint).  This is true whether or not the aspect of the case being addressed in the state court proceedings is the same aspect of the case being challenged in the federal habeas petition.  See Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998) (where petitioner had exhausted state court remedies with respect to the issue of guilt but the penalty phase was still ongoing, court "should not entertain petitioner's federal habeas petition in the absence of a penalty phase judgment in state court or until the existence of extremely unusual circumstances warrant an exception").  Here, granting petitioner the relief he seeks—release from confinement and the invalidation of his conviction—would have the practical effect of mooting or enjoining the ongoing appeal.  This is true regardless of the nature of the claims presented in the two forums, and it is precisely the sort of interference with state criminal justice systems that the Younger abstention doctrine seeks for foreclose.

Since all four Younger abstention requirements appear to be satisfied in this case, the court should abstain from proceeding with petitioner's federal habeas petition, unless petitioner shows abstention is inappropriate due to "bad faith, harassment, or some other extraordinary circumstances."  Middlesex Cnty. Ethics Comm., 457 U.S. at 435.  Accordingly, petitioner will

1    be ordered to show cause why the petition should not be dismissed pursuant to Younger.

2            Relatedly, because petitioner's motion for stay and abeyance will be rendered moot if the

3    court determines Younger abstention is appropriate, the court will defer ruling on that motion.

4    Cf. Corder v. Sutton, No. CV 18-4891 DMG (RAO), 2019 WL 7404833, at *2 n.3, 2019 U.S.

5    Dist. LEXIS 223283, at *4 n.3 (C.D. Cal. July 22, 2019) ("Because the Court finds that

6    abstention under Younger is warranted, it does not need to reach the issue of exhaustion and

7    recommends that Petitioner's pending Motion for Stay and Abeyance be denied as moot."), report

8    and recommendation adopted, 2020 WL 32540, 2020 U.S. Dist. LEXIS 174 (C.D. Cal. Jan. 2,

9    2020).

10           Lastly, with respect to petitioner's concern regarding the statute of limitations for pursing

11   his federal habeas petition, the court notes that dismissal pursuant to Younger would be without

12   prejudice and, that contrary to petitioner's assertion, the statute of limitations for bringing a

13   federal habeas petition regarding the judgment of conviction in People v. Mundy, No.

14   17FE010289, has not yet begun to run.  "Final judgment in a criminal case means sentence. The

15   sentence is the judgment."  Burton v. Stewart, 549 U.S. 147, 156 (9th Cir. 2007) (quoting Berman

16   v. United States, 302 U.S. 211, 212 (1937).  The limitations period does not begin to run until

17   both his conviction *and* sentence become final by conclusion of direct review or the expiration of

18   the time for seeking review.  Id.  Because the sentence is being appealed, there is no "final

19   judgment" in People v. Mundy, No. 17FE010289 and the statutory clock under the Antiterrorism

20   and Effective Death Penalty Act of 1996 (AEDPA) has not begun to run.  Put differently, the June

21   3, 2025, sentence (judgment) will not become final until no direct appeals are pending or

22   available.  See 28 U.S.C. § 2244(d)(1)(A) (statute of limitations runs from date on which

23   judgment becomes final); Clay v. United States, 537 U.S. 522, 528 n.3 (2003) (direct review

24   includes review of state conviction the United States Supreme Court); Bowen v. Roe, 188 F.3d

25   1157, 1159 (9th Cir. 1999) ("a conviction is not final until the ninety-day certiorari period has

26   expired).

27   ////

28   ////

8

V.    Conclusion

For the reasons discussed above, IT IS HEREBY ORDERED that:

1.    Within thirty days of the service of this order, petitioner shall show cause why the petition should not be dismissed without prejudice pursuant to Younger.

2.    Failure to show cause will result in the recommendation for dismissal pursuant to Younger and that the motion for stay and abeyance be denied as moot.

3.    Alternatively, petitioner can seek voluntary dismissal of his petition pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and seek to refile after the statute of limitations clock has begun.

DATED: October 9, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE